ALEXANDER OLCOTT, RESPONDENT, *v.* JOHN HEERMANS, APPELLANT.

*Receiver — powers of to collect money not due — Contract — waiver of clause against assignment.*

A receiver appointed to sue for and collect such debts as are or may become due, and to pay over the proceeds to a third person, has authority to receive money payable under a contract before it becomes due, and, if they be accepted by the third party, may take notes in place of the money.

A provision in a contract of sale that it shall become void if assigned without the consent of the vendor, is waived if the vendor accepts the purchase-money from the assignee.

* Plato v. Kelly, 16 Abb., 188.

ON the 22d July, 1866; Joseph Fellows entered into a contract in writing with Thomas Taylorson, to sell and convey to him certain land,.in the village of Corning, in the county of Steuben, on payment of $1,547.32, $100 of which was payable on demand, and the residue, with interest, in seven annual payments, which purchase-money said Taylorson covenanted to pay. The contract contained a condition that it should not be lawful for the purchaser to assign said contract without the consent in writing of the said Fellows.

On the 10th October, 1868, said Fellows conveyed, by an instrument in writing, to defendant, his real and personal estate in this State and several other States, in trust to sell the said lands by retail, and convey the same with covenants of warranty binding his heirs to warrant the title, and until sold to rent the same; and to collect all debts owing to him. The avails of said real and personal estate to be paid, distributed and disposed of as follows :

1st. To defray the expenses of the trust.

2d. The residue of said avails to be paid over to said Fellows, or appropriated to his use under his direction during his life.

3d. After his decease, and after the payment of all his just debts and expenses aforesaid, the residue to be distributed as directed in a writing thereafter to be executed, or, in case none should be executed, then the residue to be distributed to his heirs according to the laws of this State. The defendant accepted said trust, and entered upon the duties thereof. On the 15th October, 1868, Fellows executed and delivered an instrument designating the persons to whom he desired the avails of the trust property to be distributed at his death.

On the 8th January, 1869, Fellows commenced an action in this court to have said trust set aside, and the property restored to him discharged therefrom ; and he obtained an injunction restraining the trustee from interfering with the said property pending said action.

One Bostwick was duly appointed receiver in the action, of all property conveyed to the trustee, and he was authorized by the order appointing him, amongst other things, to sue for and collect such debts as are or may become due, and to pay over to the plaintiff such sums of money as shall come to his hands, as such receiver,

in the discharge of his duties.   On the 4th February, 1871, the sum of $2,045.28 was due on the contract first herein mentioned, but the said sum was not then payable.   On said day, Taylorson paid to the receiver the said sum, which included an amount not then payable, and the receiver indorsed the same upon the contract in full payment and satisfaction thereof.   The sum so paid was paid to Fellows, who received the same in satisfaction of said debt.   The receiver was discharged April 10th, 1871, and the complaint in the action was finally dismissed.   On the 4th February, 1871, Taylorson assigned the said contract, so paid up as aforesaid, to Joseph F. Hill, as collateral security to a note for said sum of $2,045.28, payable one year after date, with interest.   December 1st, 1871, Hill indorsed said note, and assigned said contract to the plaintiff, and Taylorson also assigned his interest in said contract to the plaintiff, and authorized him to receive a deed for the land therein mentioned.

Subsequently the plaintiff demanded a deed from the defendant, who refused to execute the same.   This action was then commenced to compel defendant to execute and deliver to plaintiff a deed, in conformity to said contract.

The defendant alleges in his answer that Hill was the confidential friend of Fellows and Bostwick, and that he, together with the persons last named, fraudulently conspired together to get possession of the moneys becoming due upon contracts, held by the defendant as trustee, and to take the same from under the said trust ; and, for that purpose, Hill took Taylorson's note, and the receiver receipted the amount unpaid on the contract as paid, and in full of the same, and Fellows gave the receiver his receipt for the money, but in truth and in fact no money whatever was paid to, or received by, the receiver or Fellows.   The defendant for this reason refused to acknowledge the contract as paid in full, or to give a deed for the land therein mentioned.

The court on the trial found the contract to be paid ; found nothing in regard to the alleged fraud, and ordered judgment that defendant convey the land.   From this judgment the defendant appeals.

On the trial, defendant, to prove fraud against Hill, Bostwick and Fellows, offered to prove that C. D. Sill and Daniel Baker paid

debts, severally owing by them to the trustee, by giving new securities to Hill. The court rejected the evidence and defendant's counsel excepted. The court refused to hold as matter of law, that the assignment of the contract without the consent in writing of the trustee, was void.

*Brown & Hadden,* for the appellant.

*George B. Bradley,* for the respondent.

MULLIN, P. J.:

If the receiver had the right to receive the moneys remaining unpaid upon the contract, although not actually due, the court below was right in ordering judgment for the plaintiff.

The defendant's counsel insists that, by the order appointing the receiver, he could receive only the moneys payable on the debts due to Fellows, and by him conveyed to the defendant as trustee, as the same became due, and he could not receive money not actually due, and if he did, the debtor paid in his own wrong, and the trustee was entitled to enforce its payment to himself after the receiver was discharged. The clause in the order appointing the receiver, may well receive the construction contended for; indeed it may be said to be the proper construction of the language, if regard be had to the language alone. But this is a case in which intention has much to do with the construction to be given to the language of the order; and, in order to ascertain the intention of the court in framing the order, regard must be had to the circumstances under which, and the action in which, the order was made. The action in which the receiver was appointed, was commenced by Fellows to set aside the trust deed, upon three grounds:

1st. Because it did not create a trust, but was a mere power of attorney, and could be revoked at pleasure.

2d. He executed it under the belief that it was a mere power of attorney, and his misapprehension of the nature and effect of the instrument, was not made known to him, and, having acted under a mistake as to the legal effect of the instrument, he was entitled to have it set aside.

3d. That defendant obtained its execution by undue influence and positive fraud.

If the last mentioned ground could be maintained, it would be the duty of the court to restrain the defendant from collecting debts owing to the estate, until the question of fraud was determined. If, however, the defendant was restrained from collecting the debts, the estate might be seriously impaired, unless some person was authorized to receive payments on the debts, pending the action; hence the appointment of a receiver was absolutely necessary.

The trust deed vested in the defendant, as trustee, the legal title to the property conveyed, subject to the trust, if a trust was in fact and in law created. By virtue of this legal title, the trustee had the power to receive debts owing to the estate, whether due or to become due, and his receipt therefor would be a complete defense to an action by any person to recover the same, provided the payment was not made with intent, on the part of the trustee and debtor, to defraud the estate. If the receivership did not extend to the debts not due, the trustee, after the dissolution of the injunction, should it be dissolved and the receivership left in force, could receive all debts not actually due, and thus Fellows be deprived of all benefit of his action, and all protection of his rights by the court.

The words, " *debts due and to become due*," in the order appointing the receiver, were not intended to limit the power of the receiver, but as descriptive of the property conveyed. Debts due and to become due covered all that species of property belonging to Fellows at the time of the conveyance, and no better or more comprehensive description could be given.

If the fraud, charged between the receiver, Hill and Fellows, had been proved, it may be that the payment would be held to be inoperative, and the trustee could compel the debtor to pay the debt to him. But the fraud is neither proved nor found, and it is therefore unnecessary to consider what relief the defendant would be entitled to, in the event of its being found or proved. The fraud charged consisted, as alleged in the complaint, in Hill giving his obligations for the payment claimed to be made by the debtors to the estate, and that, without actual payment to the receiver, Fellows treated the obligations of Hill as payment. Hill is not alleged or proved to be insolvent, and it was the province of the receiver to accept a note or check in payment of a debt due the estate; but, when he came to account for what he had received, he

must have the money on hand to pay over to the trustee. The receivership has terminated, and we must assume, in the absence of any allegation or proof to the contrary, that he paid over, in money, all he had received, or accounted in some manner therefor.

It seems to me the defendant's remedy was, to insist upon the grounds now relied upon, upon the settlement of the receiver's account. If there was anything due from him, the defendant was entitled to have it paid to him in money; and it would not be an answer for the receiver to say he had received notes in payment. The order authorized the receiver to pay the moneys collected to Fellows, and, in the absence of fraud, Fellows might receive notes, or acknowledge payment without receiving anything. These questions should have been raised and decided on the settlement; and to impose on the debtors of the estate the burden of repaying sums already paid to the person lawfully authorized to receive the same, would be very oppressive and unjust.

The provision in a contract for the sale of land, that it shall become void, if assigned without the consent of the vendor, in writing, is valid and binding, and the assignment without consent, renders the contract void as against the vendor. But it may be waived, and is waived if the vendor, with notice of the assignment, accepts the purchase-money from the assignee.

The defendant as trustee (if the trust was a valid one), held the legal title, and was the party to convey upon payment of the purchase-money. As payment to the receiver was a valid payment by the plaintiff, the contract was satisfied, and the plaintiff entitled to a deed. The defendant could not, after such payment, take advantage of the condition against assignment. Having held at this term, that the conveyance from Fellows to defendant did not create a trust, it follows that the deed operated as a mere power in trust; and, as Fellows received the purchase-money, the defendant had no authority to refuse to convey because of the want of consent in writing, to the assignment. The judgment of the Special Term is right, and must be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.